IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COLLIN RESPONDEK | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: _____ |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY | § | |
|     Defendant. | § | |

5:21-cv-144

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Fire and Casualty Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and respectfully shows the following:

### Procedural Background

1.     On or about January 8, 2021, Plaintiff filed his Original Petition against diverse Defendant State Farm Fire and Casualty Company (hereafter "State Farm"), styled Cause No. 2021CI00419; *Collin Respondek vs. State Farm Fire and Casualty Company;* In the 45th Judicial District Court of Bexar County, Texas.

### Nature of the Suit

2.     This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on or about December 11, 2019, in San Antonio, Bexar County, Texas. Plaintiff claims tortfeasor Mariana Hernandez was negligent in the handling of her vehicle and Plaintiff now seeks benefits under a policy issued by State Farm.  Plaintiff seeks actual damages including past and future physical pain and suffering; past and future mental anguish; past lost income, past and future loss of earnings; past and future physical impairment, past and future

medical care and expenses, out-of-pocket expenses, statutory "additional" damages, pre-judgment interest, post-judgment interest and costs of court.

### Basis for Removal

3.      Removal is proper under 28 U.S.C. § 1332 when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      In the present case, there is complete diversity of citizenship between the parties. At the time State Farm was served with the citation, and as of the date of filing this Notice, State Farm was and is a citizen of Illinois.  State Farm was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois.  Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5.      Upon information and belief, Plaintiff was a citizen of Texas when he filed his Original Petition, and continues to be a citizen of Texas.

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiff pleads in his Original Petition for the recovery of damages of "**$250,000 or less.**"  *See* Plaintiff's Original Petition, § II, CLAIM FOR RELIEF.  Additionally, in pre-litigation correspondence, Plaintiff's counsel has stated that Plaintiff "…has a minimum of $359,230 in future medical bills."  *See* Exhibit D – Letter dated October 20, 2020 from Sadler and Sadler to State Farm.  The uninsured/underinsured motorist ("UM/UIM") policy provides UM/UIM limits in excess of $75,000.00.

### The Removal is Procedurally Correct

7.      Plaintiff filed suit against State Farm in state court on January 8, 2021. State Farm was served on January 13, 2021, and State Farm filed its answer in state court on February 5, 2021.

4846-0397-3083, v. 1

8.     This notice of removal was filed timely . *See* 28 U.S.C. § 1446(b)–(c); *see also Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014)(holding that a defendant's right to removal under 28 U.S.C. § 1446(b)–(c) runs from the date it is formally served with process).  Here, State Farm was served on January 13, 2021, and files this notice within thirty (30) days of said service.

9.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this district.

10.    Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

11.    Pursuant to 28 U.S.C. § 1446(d), promptly after State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 45th Judicial District Court of Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Fire and Casualty Company requests that this action be removed from the 45th Judicial District Court of Bexar County, Texas to the United States District Court for Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

3

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By: _____

Alexander D. Good
State Bar No. 24092433
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:    (210) 227-2200
Facsimile:    (210) 227-4602
agood@LSTLAW.com

COUNSEL FOR DEFENDANT STATE FARM
FIRE AND CASUALTY COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Defendant State Farm Fire and Casualty Company's Notice of Removal* was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **12th** day of **February, 2021**, addressed to those who do not receive notice from the Clerk of the Court.

Paul L. Sadler
Crystal S. Sadler
SADLER AND SADLER
Of Counsel with Carabin & Shaw, P.C.
8100 Broadway, Suite 200
San Antonio, Texas 78209
ps@sadlerandsadler.com
css@sadlerandsadler.com
service@sadlerandsadler.com

_____
Alexander D. Good

4

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COLLIN RESPONDEK | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: _____ |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY | § | |
|     Defendant. | § | |

---

## INDEX OF MATTERS BEING FILED

---

1. Defendant's Notice of Removal

2. Exhibit A:    Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

3. Exhibit B:    A list of counsel of record.

4. Exhibit C:    Civil Cover Sheet and Supplement.

5. Exhibit D:    Letter dated October 20, 2020 from Sadler and Sadler to State Farm

# Exhibit  A

FILED
1/8/2021 1:14 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

IT PPS

W JD

**2021CI00419**

CAUSE NO. _____

| | | |
|---|---|---|
| COLLIN RESPONDEK | § | IN THE DISTRICT COURT |
|     **Plaintiff,** | § | |
| | § | |
| **vs.** | § | 45th  JUDICIAL DISTRICT |
| | § | |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY | § | |
|     **Defendant.** | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES COLLIN RESPONDEK, ("Plaintiff"), and complaining of STATE FARM FIRE AND CASUALTY COMPANY, ("Defendant"), as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### CLAIM FOR RELIEF

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of $250,000 or less.

### III.
### PARTIES

Plaintiff COLLIN RESPONDEK is an individual residing in San Antonio, Bexar County, Texas. The last three digits of his driver's license are 869 and the last four digits of his social security number are 7412.

Defendant STATE FARM FIRE AND CASUALTY COMPANY is a domestic insurance company, which may be served with process through its registered agent Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

1

Copy from re:SearchTX

## IV.
## JURISDICTION & VENUE

Jurisdiction is proper before this Court because the amount in controversy is within the jurisdictional limits of this Court.  Additionally, this Court has jurisdiction over the parties because Defendant is a domestic insurance company doing business in Bexar County, Texas.

Venue is proper in Bexar because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in San Antonio, Bexar County, Texas, and the  Plaintiff as well as the underinsured driver resides in Bexar County, Texas.

## V.
## FACTS

On or about December 11, 2019, Plaintiff COLLIN RESPONDEK was stopped in his vehicle on Pinn Road waiting to make a left turn onto S. Brownleaf Drive in San Antonio, Bexar County, Texas, when he was violently rear-ended by an underinsured driver, MARIANA HERNANDEZ. The investigating officer at the scene placed all fault on MARIANA HERNANDEZ citing driver inattention as the sole contributing factor to the collision.   As a result of the crash caused by MARIANA HERNANDEZ, Plaintiff COLLIN RESPONDEK'S body was battered, bruised, and contused. Plaintiff COLLIN RESPONDEK suffered and suffers from severe pain in his neck, lower back, and right knee as a direct result of this collision.   At all times pertinent hereto, the vehicle driven by MARIANA HERNANDEZ was underinsured for the damages caused to the Plaintiff.

At the time of the accident, an insurance policy written by Defendant STATE FARM FIRE AND CASUALTY COMPANY was in effect and issued to its insured LYFT, INC.  This insurance policy provided first party uninsured and underinsured motorist benefits to Plaintiff who was driving with Lyft, Inc. at the time of the collision.  Such

2

Copy from re:SearchTX

policy was in full force and effect on December 11, 2019, the date of the accident. Under this coverage, STATE FARM FIRE AND CASUALTY COMPANY agreed to pay to Plaintiff all sums to which he would be legally entitled to recover as damages from the owner or operator of an uninsured/underinsured automobile up the amount of the policy. The purpose of the insurance for which Lyft, Inc. paid premiums to STATE FARM FIRE AND CASUALTY COMPANY was to protect Plaintiff for injuries he might suffer from the negligence of others who failed to have sufficient insurance to cover such injuries. With respect to the accident, which occurred on December 11, 2019, the negligent driver and owner of the vehicle did not have sufficient insurance or assets to protect Plaintiff for the injuries proximately caused by the crash.

Plaintiff timely and properly notified Defendant STATE FARM FIRE AND CASUALTY COMPANY of the crash. Plaintiff would show that a policy of insurance with Defendant STATE FARM FIRE AND CASUALTY COMPANY covered him and had uninsured and underinsured motorist coverage. Plaintiff has fully complied with all conditions of the insurance policy prior to bringing this suit.

**VI.**
**CONDITIONS PRECEDENT**

All conditions precedent have been performed or have occurred. Nevertheless, Defendant STATE FARM FIRE AND CASUALTY COMPANY has failed and refused and still fails and refuses to pay Plaintiff reasonable benefits under this policy as it is contractually required to do.

**VII.**
**NEGLIGENCE OF UNINSURED/UNDERINSURED MOTORIST**

The occurrence and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the underinsured driver who operated

3

the vehicle she was driving in a negligent manner because she violated the duty, which she owed the Plaintiff, to exercise ordinary care in the operation of her motor vehicle in one or more of the following respects:

a.  failing to control the operation of her vehicle;

b.  failing to avoid the incident in question;

c.  failing to keep a proper look out;

d.  failing to apply the brakes properly and/or timely so as to avoid a collision in violation of Texas Transportation Code §547.408(a)(3);

e.  driver inattention;

f.  failing to operate her vehicle in a safe manner,

g.  failing to operate her vehicle as a person of ordinary prudence would have in the same or similar circumstance;

h.  failure to control speed;

i.  failure to stop at a red light in violation of Texas Transportation Code §544.007(d); and

j.  other acts of negligence and *negligence per se*.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant constituted negligence and such *negligence per se* and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

Plaintiff would show this court that the harm Plaintiff suffered is the type of harm which the above statutes are intended to prevent. Plaintiff would also show this Court that the Plaintiff was a member of a class of persons in which the statutes were enacted to protect.  Such violations amount to *negligence per se* and is the proximate cause of the occurrence in question.

**VIII.**
**CAUSES OF ACTION AS TO STATE FARM FIRE AND CASUALTY COMPANY**

4

Copy from re:SearchTX

### A.     BREACH OF CONTRACT

Plaintiff is the beneficiary of a contract with Defendant STATE FARM FIRE AND CASUALTY COMPANY for uninsured and underinsured motorist benefits. Defendant breached the insurance contract by failing to provide coverage, resulting in additional damages to the Plaintiff. STATE FARM FIRE AND CASUALTY COMPANY has absolutely refused to make an offer on its $85,000 policy.  Such refusal in the face of the significant injuries the Plaintiff has and is enduring constitutes a failure by the Defendant to meet its contractual obligations to the Plaintiff.

### B.     UNIFORM DECLARATORY JUDGMENT ACT

Plaintiff incorporates all previous paragraphs set forth above.

Plaintiff additionally requests relief under the Uniform Declaratory Judgments Act, Texas Civ. Prac. & Rem. Code § 37.004 *et seq.* to establish the amount he is legally entitled to recover under the underinsured policy provision of the policy issued by the Defendant to provide coverage to the Plaintiff.

### IX.
### PERSONAL INJURY DAMAGES

Plaintiff has suffered the following personal injuries and damages as a direct and proximate result of the underinsured driver's conduct for which Defendant STATE FARM FIRE AND CASUALTY COMPANY is liable:

a) Physical pain and suffering in the past, and which, in all reasonable probability, will continue to be incurred in the future;
b) Mental anguish in the past, and which in all reasonable probability, will continue to be incurred in the future;
c) Lost income in the past;
d) Loss of earning capacity in the past and which, in all reasonable probability, will continue to be incurred in the future;
e) Physical impairment in the past and which, in all reasonable probability, will continue to be incurred in the future;
f) Reasonable and necessary medical care and expenses in the past and which, in

5

Copy from re:SearchTX

all reasonable probability, will continue to be incurred in the future; and

g) Any and all out of pocket expenses related to the accident complained of.

## X.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff COLLIN RESPONDEK hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XI.
## INITIAL DISCLOSURES

Pursuant to Rule 194.2 Defendant must make initial disclosures at or within 30 days after the filing of the first Answer.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XII.
## JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendant be cited to appear and Answer, and that on final trial Plaintiff has:

a. Judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's damages;

b. Prejudgment interest;

c. Post-judgment interest;

d. Costs of court;

e. All statutory "additional" damages; and

f. All such other relief, at law or in equity, to which Plaintiff may show to be entitled.

Copy from re:SearchTX

This 8th day of January 2021.

Respectfully Submitted,

Paul L. Sadler
State Bar No. 17512400
Crystal S. Sadler
State Bar No. 24103911
SADLER AND SADLER
Of Counsel with Carabin & Shaw, P.C.
8100 Broadway, Suite 200
San Antonio, Texas 78209
Tel: (210) 908-7000
Fax: (210) 200-8695
ps@sadlerandsadler.com
css@sadlerandsadler.com
E-Service:  service@sadlerandsadler.com
***Attorneys for Plaintiff***

Copy from re:SearchTX

FILED
2/5/2021 4:46 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Stephanie West

## CAUSE NO. 2021CI00419

| | | |
|---|---|---|
| **COLLIN RESPONDEK** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **45TH JUDICIAL DISTRICT** |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY** | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

Now comes State Farm Fire and Casualty Company, the defendant in the above-styled matter, and files this original answer to Plaintiff's Original Petition, and would respectfully show the following:

### I.     GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.     JURY DEMAND

Defendant demands a jury trial in accordance with the Texas rules of Civil Procedure and the Local Rules of this jurisdiction.

### III.     193.7 NOTICE

Pursuant to the Texas Rule of Civil Procedure 193.7, Defendant provides all parties notice that the production of any document in response to written discovery authenticates that document for use against that party in any pretrial proceeding or at trial.

## IV.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all his costs, and that Defendant be granted all other relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
Alexander D. Good
State Bar No. 24092433
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
agood@LSTLAW.com

*Counsel for Defendant State Farm Fire and Casualty Company*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Defendant's Original Answer was served by facsimile and/or electronic service on the **5th** day of **February 2021**, upon the following:

Paul L. Sadler

Crystal S. Sadler

SADLER AND SADLER

OF COUNSEL WITH CARABIN & SHAW, P.C.

8100 Broadway, Suite 200

San Antonio, Texas 78209

E-Service: service@sadlerandsadler.com

_____

Alexander Good

# Exhibit  B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| COLLIN RESPONDEK | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: _____ |
| STATE FARM FIRE AND CASUALTY | § | |
| COMPANY | § | |
| Defendant. | § | |

## LIST OF ALL COUNSEL OF RECORD

| <u>PARTY</u> | <u>ATTORNEY(S)</u> |
| --- | --- |
| Collin Respondek<br>Plaintiff | Paul L. Sadler<br>State Bar No. 17512400<br>Crystal S. Sadler<br>State Bar No. 24103911<br>SADLER AND SADLER<br>Of Counsel with Carabin & Shaw, P.C.<br>8100 Broadway, Suite 200<br>San Antonio, Texas 78209<br>Telephone:    (210) 908-7000<br>Facsimile:    (210) 200-8695<br>ps@sadlerandsadler.com<br>css@sadlerandsadler.com<br>service@sadlerandsadler.com |
| State Farm Fire and Casualty Company<br>Defendant | Alexander D. Good<br>State Bar No. 24092433<br>LINDOW STEPHENS TREAT, LLP<br>One Riverwalk Place<br>700 North St. Mary's Street, Suite 1700<br>San Antonio, Texas 78205<br>Telephone:    (210) 227-2200<br>Facsimile:    (210) 227-4602<br>agood@lstlaw.com |

Exhibit  C

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COLLIN RESPONDEK

## DEFENDANTS
STATE FARM FIRE AND CASUALTY COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul L. Sadler, Crystal S. Sadler of Cnsl Carabin & Shaw, 8100 Broadway# 200, SAT 78209, (210) 908-7000

Attorneys *(If Known)*
Alexander D. Good, Lindow Stephens Treat LLP, 700 N. St. Mary's #1700, SAT 78205, (210) 227-2200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Dispute over handling of claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
02/12/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.     Please identify the court from which the case is being removed; the case number; and the complete style of the case.

2.     Was jury demand made in State Court?                    Yes           No

If yes, by which party and on what date?

Party Name                                          Date

**STATE COURT INFORMATION**:

1.     List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

**VERIFICATION**:

Attorney for Removing Party                          Date

Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**:

# Exhibit  D

# SADLER & SADLER
## Sadler Law, PLLC

Paul L. Sadler*
ps@sadlerandsadler.com

Crystal S. Sadler**
css@sadlerandsadler.com

Of Counsel - Carabin & Shaw, P.C.

**8100 Broadway, Suite 200**
**San Antonio, Texas 78209**
**210.908.7000 Telephone**
**210.200.8695 Facsimile**



Civil Appellate & Personal Injury
Trial Law*
Licensed - Texas & Louisiana*
Licensed – Texas, Ohio, West Virginia**

October 20, 2020

Via facsimile:  855-820-6318
State Farm Fire and Casualty Company
ATTN: Janis Fromelius

|  | In RE: | Our Client: | **Collin Respondek** |
|---|---|---|---|
|  |  | Claim #: | **53-12D7-35M** |
|  |  | Date of Loss: | **December 11, 2019** |

Dear Ms. Fromelius and State Farm Fire and Casualty Company,

This is a demand for your insured's, Lyft, Inc., UIM policy.  The demand will expire in 21  days, on November 10, 2020 at 5 pm CST.  You were previously placed on notice of this underinsured motorist (UIM) claim.  Unfortunately, the woman who crashed into our client only has a $30,000/60,000 policy of insurance to compensate Mr. Respondek for his injuries.  Mr. Respondek's case was settled for $30,000.   Thus, in light of our client's significant injuries, the person responsible for the collision is by definition an underinsured motorist.

As State Farm Fire and Casualty Company is aware, Lyft, Inc. purchased an underinsured motorist policy through State Farm for precisely this situation – a driver for Lyft being hit by a grossly underinsured motorist.  As he was driving for Lyft at the time of the accident, Mr. Respondek is covered by a UIM policy with State Farm, and we request that you tender the entire policy.  We have not yet received the declaration page that we requested via fax on October 19, 2020, and thus we are unable to specify the policy amount but we believe it to only be an $85,000 policy. As you will see in the summary and records provided in this demand, Mr. Respondek's past medical costs, lost wages, future medical expenses, and pain and suffering exceed the combined policy limits of both Lyft's UIM and the original policy of insurance.

### SUMMARY

As a direct result of being rear ended while driving for your insured, Collin Respondek, a 22 year old man, has permanent damage to his neck, his thoracic spine and his lumbar spine with significant herniations and nerve root impingement.   This

October 20, 2020
Page 2

damage is permanent and causes significant pain. Mr. Respondek has **$12,428.99** in paid and incurred medical expenses. He has upcoming pain management appointments so this number will only increase. He has **$359,230.00** in future expenses to address the severe injury to his spine. These numbers do not include damages for pain and suffering, mental anguish, or physical impairment – all of which a jury may award to Mr. Respondek. As discussed more fully below, Collin Respondek's damages and injuries far exceed the underinsured motorist's policy limits as well as your policy limits.

### LIABILITY FACTS

Liability is not disputed. On December 11, 2019, the underinsured motorist, Mariana Hernandez, was responsible for a rear-end collision which injured our client, Collin Respondek, who was driving for Lyft at that time. Collin Respondek was traveling southbound in his vehicle on Pinn Road in San Antonio, Bexar County, Texas, with a Lyft passenger in his vehicle. After reaching the intersection of Pinn Road and S. Brownleaf Drive, Mr. Respondek stopped at the intersection to make a left turn, yielding to oncoming traffic. The defendant, Mariana Hernandez, was driving immediately behind Mr. Respondek in the left lane, and told the investigating police officer she was distracted by "adjusting her radio". Ms. Hernandez's inattention led to her violently rear-ending Mr. Respondek in his stopped vehicle. Mr. Respondek immediately felt battered and bruised as a result of the collision, indicating the underlying injuries caused by Mariana Hernandez's inattention and lack of control of her vehicle. Collin Respondek's vehicle sustained over $2,200 in damages. The Texas Peace Officer at the scene noted Ms. Hernandez as solely responsible for the collision due to driver inattention, and issued her a citation.

There was nothing Mr. Respondek nor Lyft, Inc. could do to avoid the crash caused by the defendant.

### INJURIES CAUSED BY UNDERINSURED MOTORIST

As a proximate cause of the accident, our client, Collin Respondek's life has changed irrevocably. After the accident on December 11, 2019, Mr. Respondek felt immediate soreness and pain in his neck, low back, and right knee. Within a week, Mr. Respondek sought treatment for his ongoing pain from the collision. On December 13, 2019, Collin Respondek sought treatment with Dr. Karl Lautenschlager with pain levels of 6/10 in the back and neck, and 3/10 in his right knee. Dr. Lautenschlager noted Mr. Respondek's acute pain and traumatic injuries, prescribing Tramadol and physical therapy. Mr. Respondek responds to both treatments, but continues to suffer daily pain.

Collin Respondek has worked with doctors and specialists across San Antonio to diagnose his chronic injuries and pain resulting from this accident. MRIs from December 19, 2019 and March 3, 2020 of Mr. Respondek's spine reveal serious injuries sustained from the collision that will require lifelong treatment and management. Mr. Respondek's spine presents the following disc herniations: 2.0 mm at T3-T4; 4.0 mm at T4-T5; 3.0 mm at C3-C4; 3.0 mm at C5-C-6; and 8.0 mm at L4-L5. In addition, Mr. Respondek's overall spine curvature suggests post-traumatic muscle spasms as a result

October 20, 2020
Page 3

of the collision. These herniations and injuries remain consistent across the two sessions of MRI imaging, indicating that Ms. Hernandez's inattentive driving caused permanent injury to Mr. Respondek while he was driving for your insured, Lyft.

Collin Respondek did have a prior injury to his L4-L5 vertebrae, as noted in an MRI from May 11, 2018 (which we are enclosing) At the time of said imagine, Mr. Respondek's L4-L5 vertebrae presented a 3.0 mm disc herniation, with no other damage to other parts of the neck and spine. The collision caused by Mariana Hernandez significantly exacerbated Mr. Respondek's prior injury at the L4-L5 vertebrae, expanding the disc herniation by 5.0 mm to 8.0 mm and intrusion on the neural root. This prior MRI also demonstrates that the injuries to Mr. Respondek's thoracic and cervical spine resulted from the collision with Mariana Hernandez on December 11, 2019.

The injuries caused by the negligence of the underinsured driver who crashed into Collin Respondek while he was driving for Lyft have significantly impacted Mr. Respondek's health and quality of life. Mr. Respondek is just 22 years old, and will now suffer a lifetime of pain due to this collision that occurred as he was driving for Lyft, Inc., your insured.

Thus far, Collin Respondek has paid and incurred $12,428.99 in medical bills relating to the injuries sustained in this accident, as detailed below.

| Medical Provider | Total Billing Amount |
|---|---|
| American Health Imaging | $ 7,110.00 |
| CIPM | $ 1,180.00 |
| Pegasus | $ 174.99 |
| Texas Physical Therapy Specialists | $ 2,464.00 |
| MD Spine Care/Dr. Frank Kuwamura | $ 1,500.00 |
| Total Medical Expenses as of 10/20/20 | **$12,428.99** |

**FUTURE MEDICAL EXPENSES**

In addition to the demonstrated medical bills, Collin Respondek will continue to incur medical costs to treat the lifelong injuries sustained in the accident. Mr. Respondek is facing extensive physical therapy, pain management and surgical intervention. Dr. Frank Kuwamura, III recommends the following lumbar and cervical spine surgical interventions to address the collision that occurred while Mr. Respondek was driving for Lyft:

**LUMBAR: Microscopic laminectomy/discectomy L4-5 with stem cell treatment**

| DESCRIPTION | COST |
|---|---|
| Microscopic laminectomy/discectomy L4-5 w stem cell treatment | $23,022.00 |
| Facility | $45,000.00 |
| Anesthesia | $8,000.00 |
| Assistant Fee | $5,208.00 |

October 20, 2020
Page 4

| | |
|---|---|
| DME-Brace | $5,000.00 |
| DME-DVT | $2,000.00 |
| Physical Therapy | $5,000.00 |
| Intraoperative Nueromonitoring | $8,000.00 |
| Hardware | $30,000.00 |
| TOTAL LUMBAR | **$131,230.00** |

**CERVICAL: Anterior cervical discectomy with artificial disc replacement at C5-6**

| DESCRIPTION | COST |
|---|---|
| Anterior cervical discectomy with artificial disc replacement C5-6 | $55,000.00 |
| Facility | $90,000.00 |
| Anesthesia | $8,000.00 |
| Assistant Fee | $18,000.00 |
| DME-Collar | $2,000.00 |
| DME-DVT | $2,000.00 |
| Physical Therapy | $5,000.00 |
| Intraoperative Nueromonitoring | $8,000.00 |
| Hardware | $40,000.00 |
| TOTAL CERVICAL | **$228,000.00** |

The total cost for both procedures is **$359,230.00**.

**In summary, because of the negligence of the defendant Mariana Hernandez while our client was driving for Lyft, Inc, Collin Respondek has $12,428.99 in current medical bills and a minimum of $359,230 in future medical bills. He will have significant future medical bills for pain management in an attempt to push off surgery. Otherwise, medicine and statistics tell us he will have to have subsequent surgeries in 10-20 years from the original surgeries. This does not include compensation for impairment, loss of earning capacity and lost wages and pain and suffering.**

Collin Respondek's life has been forever and permanently altered because of the injuries sustained in this accident that occurred through no fault of his own while he was driving for your insured, Lyft. Therefore, as you are directed to do by the covenants of Lyft's UIM policy, we ask that you tender the policy in full.

**PAIN AND SUFFERING**

A jury will be able to award Mr. Respondek reasonable damages for his pain and suffering. His treating physicians will testify that he will have a lifetime of pain due to the injuries he sustained while driving for Lyft. In addition, Collin Respondek's injuries will leave him physically impaired by the ongoing pain, limited range of motion, difficulty performing daily tasks. The injuries sustained while being rear ended while driving for Lyft will impact every aspect of his daily life.

October 20, 2020
Page 5

**SUMMARY**

Collin Respondek's life has been forever and permanently altered because of the injuries sustained in this accident, which occurred while driving for Lyft and was a result of the negligence of the underinsured motorist .  Mr. Respondek's damages **clearly exceed the policy limits of the negligent motorist's policy of $30,000 and fall within the State Farm Fire and Casualty Company's policy coverage purchased by Lyft, Inc.**  We ask that you tender the policy in full.

This letter shall constitute a **<u>Demand</u>** by Collin Respondek for the **limits of the UIM policy** for the incident that occurred on December 11, 2019.  Our client hereby offers to settle all of his claims for all of the applicable policy limits of insurance available.  Please note, this offer will be deemed withdrawn on November 10, 2020 at 5 pm CST.  After this time passes, Mr. Respondek will be forced to file suit and seek compensation for his injuries in excess of policy limits and pursue bad faith, insurance code violations, and DTPA violations and any and all remedies allowed under the law.

After you have an opportunity to review this demand for Lyft's underinsured motorist policy, please feel free to reach out to me to discuss this matter.  In fairness to our client, we ask that you do not wait until the deadline to seek information.  If you need any additional information, please ask either Paul Sadler or myself.  We will be happy to get it to you.  Thank you for your time and attention to this matter.

Sincerely yours,

Crystal S. Sadler

Enclosures